# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-162V
Filed: March 20, 2019
UNPUBLISHED

| | |
|---|---|
| RAYMONDE L. FORJETTE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Sylvia Chin-Caplan*, Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that an influenza ("flu") vaccination she received on October 15, 2015 caused her to suffer a right shoulder injury. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 17, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On March 19, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded **$101,626.30**, including $95,000 in actual in projected pain and suffering and $6,626.30 in past unreimbursable expenses. Proffer at 1-2. In the Proffer, respondent

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $101,626.30 in the form of a check payable to petitioner, Raymonde L. Forjette.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| RAYMONDE L. FORJETTE, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 17-162V <br> Chief Special Master Dorsey <br> ECF |

**PROFFER ON AWARD OF DAMAGES**

On February 3, 2017, Raymonde L. Forjette ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on October 15, 2018. Based on Respondent's Rule 4(c) Report the Chief Special Master found petitioner entitled to compensation.

**I.   Items of Compensation**

   **A.   Pain and Suffering**

Respondent proffers that petitioner should be awarded $95,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   **B.   Past Unreimbursable Expenses**

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $6,626.30. Petitioner agrees.

1

## II. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$101,626.30**, in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Acting Director
    Torts Branch, Civil Division

    CATHARINE E. REEVES
    Deputy Director
    Torts Branch, Civil Division

    GABRIELLE M. FIELDING
    Assistant Director
    Torts Branch, Civil Division

    s/Jennifer L. Reynaud
    JENNIFER L. REYNAUD
    Trial Attorney
    Torts Branch, Civil Division
    U.S. Department of Justice
    P.O. Box 146
    Benjamin Franklin Station
    Washington, D.C. 20044-0146
    Tel: (202) 305-1586

Date: March 19, 2019

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.